Argued and submitted January 22, affirmed May 21, 1986

In the Matter of the Compensation of
Jesse B. Lavine, Claimant.
LAVINE,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-03050; CA A35571)

718 P2d 1391

Howard R. Nielsen, Salem, argued the cause for petitioner. With him on the brief was Vick & Associates, Salem.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's determination that SAIF did not have to pay for certain medical services. At issue is the compensability of a thermogram, a diagnostic test which was performed on claimant in an effort to determine the cause of his chronic back pain.

In January, February and July, 1984, Dr. Wilson requested authorization for the thermogram, pursuant to OAR 436-69-201(13).[1] Wilson became aware on March 14, 1984, that SAIF had denied the request, even though no formal denial was issued. On August 1, 1984, the thermographic studies were performed and revealed abnormalities indicating to Wilson a need for chiropractic treatment.

SAIF questions the validity of a thermogram as a diagnostic tool. The dispositive issue, however, is whether SAIF is required to pay for the thermogram, in view of the fact that claimant did not obtain prior authorization for it, as required by OAR 436-69-201(13). Claimant asserts that the administrative rule is invalid, because it places the entire question of the compensability of a diagnostic procedure within the discretion of the insurer. We do not understand that to be the case. The rule merely requires "prior authorization"; it does not require prior authorization *by the insurer*. The insurer merely makes the first judgment, and, if it denies authorization, its decision is reviewable by the referee and the Board, either of which could have authorized the test. Because claimant failed to follow that procedure and obtain authorization before undergoing the thermogram, he is not entitled to be compensated for it.

Affirmed.

---

[1] OAR 436-69-201(13) provided:

"Liquid crystal thermography * * * is not reimbursable without prior authorization. Insurers may require documentation to show why its use is preferable to usual diagnostic tests."